UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK BAISCH, LEIGHANNA
ESPOSITO, NICOLE HESSEN, AMANDA
KAHN, NICHOLAS MOLISHAS, NICOLE
SANDER, KELLI TALIS, CRYSTAL
TAYLER, AND ROGER THOMPSON

      Plaintiffs,

Case No. 09-10266

v.

Hon. John Corbett O'Meara

VAN BUREN, TOWNSHIP OF, *et al.,*

      Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' motion for summary judgment, filed February 12, 2010. Plaintiffs filed a response April 23, 2010; Defendants submitted a reply April 26, 2010. Defendants also filed a motion to strike Plaintiffs' untimely response brief. The court heard oral argument on April 29, 2010, and took the matter under advisement. For the reasons stated below, Defendants' motion for summary judgment is granted.

## BACKGROUND FACTS

Plaintiffs are employees of John's Hotspot, a strip club in Van Buren Township. Plaintiffs allege that the township and Officers Joseph Smith and Christopher Herrick violated their constitutional rights during an investigation at the bar. Specifically, Count I of the complaint alleges that Defendants violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures. Count II alleges that Defendants violated Plaintiffs' First Amendment rights. The parties have significantly narrowed the issues, as

Plaintiffs have conceded that their First Amendment and Fourteenth Amendment claims should be dismissed, as well as their claims against Van Buren Township. Plaintiffs have further agreed that Plaintiffs Nicole Hessen, Nicholas Molishas, and Crystal Tayler should be dismissed for failing to prosecute their claims, leaving Patrick Baisch, Leighanna Esposito, Amanda Kahn, Nicole Sander, Kelli Talis, and Roger Thompson. The only issues remaining are whether the individual officers violated these Plaintiffs' Fourth Amendment rights and whether the officers are entitled to qualified immunity.

On January 12, 2009, at about 6:30 p.m., the Van Buren Township police received an anonymous telephone call requesting assistance at John's Hotspot. The caller stated that the bar's manager, Roger Thompson, was intoxicated and was abusing the dancers. The woman caller stated that she was a customer and wanted to remain anonymous. Officers Smith and Herrick responded to the call.

Upon arriving at the bar, the police asked to speak to Roger Thompson. Thompson was visibly intoxicated. The officers asked if he was working. Thompson initially stated that he was the manager but then said that he was not working. He said that he was waiting for a ride home. Thompson admitted that he was drunk and told the officers that he allowed his employees to drink during their shifts. The officers asked Thompson to take a breath test, which he did. The results showed that Thompson had a .20% blood alcohol level. Thompson eventually left the bar when his ride showed up. He was not arrested, although he was later the subject of a complaint to the Michigan Liquor Control Commission, as it is a violation of MLCC regulations to allow an intoxicated person to loiter on the licensed premises, allow an employee to be intoxicated on the premises, to sell alcohol to an intoxicated person, or to allow an intoxicated person to

consume alcohol on the premises. See M.C.L. 436.1707.

After administering the breath test to Thompson, the officer decided that the day shift workers at the bar should also be asked to take breath tests, in light of Thompson's statement that he allowed the employees to drink during their shifts. The officers mistakenly believed that it was a violation of MLCC rules for employees to drink alcohol while they were working. Further, the officers were concerned that the day shift was ending and that employees would potentially be driving home while intoxicated.

Officers administered breath tests to ten employees in a side room outside the observation of customers. Not all of the employees took the test; no customers were asked to take one. The employees who took the test testified that they cooperated with the officers and took it voluntarily. No one was prevented from leaving the bar. After the breath tests were administered and the officers completed their investigation, they left the bar. They were at the bar for about an hour. No arrests were made; no tickets or criminal charges were issued. The business of the bar apparently continued uninterrupted during the officers' investigation.

## LAW AND ANALYSIS

I. **Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The issue of whether a police officer is entitled to qualified immunity is a question of law for the court. See, e.g., Summers v.

Leis, 368 F.3d 881, 885 (6th Cir. 2004).

## II.     Fourth Amendment/Qualified Immunity

Defendants contend that they did not violate Plaintiffs' Fourth Amendment rights and that they are entitled to qualified immunity. These issues overlap: "In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Greene v. Barber, 310 F.3d 889, 894 (6th Cir. 2002) (citation omitted). In determining whether Defendants are entitled to qualified immunity, the initial inquiry is as follows: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). "[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-202.

The United States Supreme Court has recently held that lower courts are not required to take this two-step qualified immunity inquiry in the order specified by Saucier, but that a flexible approach is appropriate. See Pearson v. Callahan, 129 S.Ct. 808, 818 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."). The Court further noted: "The protection of qualified immunity applies regardless of whether the government official's error is

'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson, 129 S.Ct. at 815 (citations omitted).

To put the issues in context, it should be noted that the Michigan Liquor Control Act authorizes warrantless searches of liquor licensees' premises. See M.C.L. § 436.7a(2). The Michigan Court of Appeals has stated that the law "authorizes, at a minimum, the search without a warrant of any licensed premises for the purpose of discovering any violation of the Liquor Control Act or the regulations promulgated pursuant to that act." People v. Jones, 180 Mich. App. 625, 631, 447 N.W.2d 844, 846 (1989). In light of this statute and the telephone complaint regarding Roger Thompson, the officers' presence at the bar is not challenged. The issue here, however, is whether the detention of Plaintiffs was reasonable under the circumstances.

Defendants argue that the officers' investigation here was appropriate pursuant to Terry v. Ohio, 392 U.S. 1 (1968) and that they are entitled to qualified immunity.

> Beginning with *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the Court has recognized that a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further. To ensure that the resulting seizure is constitutionally reasonable, a *Terry* stop must be limited. The officer's action must be " 'justified at its inception, and ... reasonably related in scope to the circumstances which justified the interference in the first place.'" For example, the seizure can not continue for an excessive period of time, or resemble a traditional arrest.

Hiibel v. Sixth Judicial Dist. Ct. of Nevada, 542 U.S. 177, 185-86 (2004). In this case, the officers requested that the bar employees take breath tests, which required a brief detention outside the presence of customers. The officers were informed by Roger Thompson that he

allowed employees to drink alcohol during their shifts. The officers mistakenly believed that it was a violation of MLCC rules for employees to drink alcohol while on duty. In light of MLCC rules prohibiting employees to be *intoxicated* on licensed premises, this mistake of law was reasonable. Further, in light of this mistake of law, it was reasonable for the officers to believe that their brief investigation was appropriate under Terry. Accordingly, the court finds that the officers are entitled to qualified immunity.

Plaintiffs argue that the officers should have known that their detention was unconstitutional based upon Hamilton v. Lokuta, 1993 WL 460784 (6th Cir. Nov. 9, 1993), an unpublished decision. Hamilton is, however, distinguishable on its facts. In Hamilton, a bar was raided by police, who had arrest warrants for several dancers. During this raid, the music was turned off and the lights were turned on. The patrons were asked not to leave and the premises was searched. During this time, the patrons were detained for approximately two and a half hours, despite the fact that the officers had no probable cause to believe that the patrons were violating the law. Here, in contrast, the detention was brief and, based upon Roger Thompson's statement, the officers had reason to suspect that the employees may have been drinking in violation (they mistakenly believed) of MLCC regulations. Qualified immunity provides protection from suit for just that type of reasonable error. Therefore, the court will grant Defendants' motion.

# **ORDER**

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED and Plaintiffs' complaint is DISMISSED.

IT IS FURTHER ORDERED that Defendants' motion to strike Plaintiffs' response brief is DENIED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: April 30, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 30, 2010, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager